Filed 5/29/14  P. v. Brown CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B249673 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA072271) |
| v. | |
| KISU BROWN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael V. Jesic, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director, and Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted defendant Kisu Brown of petty theft (§ 484, subd. (a))[1] based upon his taking of several bottles of cologne worth $309 from the Sephora store in the Topanga Westfield Mall.

The evidence established that on September 2, 2012, defendant entered the store and proceeded to the men's fragrance section. Once there, he picked up, one by one, three bottles of men's cologne, concealed each bottle in the waistband of his pants, and walked out of the store into the mall area without having paid for the items.

Oliver Caceres, a loss-prevention agent for Sephora, observed defendant's actions.[2] Caceres followed defendant through the mall. Caceres tried to get defendant's attention by yelling "Hey." Defendant turned, looked at Caceres, and quickly walked out of the mall into the parking lot.

Caceres followed defendant, saw defendant enter a vehicle, and wrote down the vehicle's license plate number. Caceres gave the license plate number to the police. Within a month, the police arrested defendant.

Defendant did not testify at his trial.

In closing argument, defense counsel, relying upon inconsistencies between Caceres' trial testimony and his statements to the police and his testimony at the preliminary hearing, argued that the People had not proven guilt beyond a reasonable doubt. In addition, he suggested that the man in the security videotape was not defendant. (See fn. 2, *ante*.)

---

[1]     All statutory references are to the Penal Code.

[2]     A security videotape also recorded defendant's taking of the cologne bottles. The videotape was entered into evidence at trial.

After deliberating for 30 minutes, the jury found defendant guilty as charged. The parties then turned to defendant's prior convictions alleged in the information pursuant to sections 666, subdivision (a) and 667.5, subdivision (b). Following the proper advisement of rights, defendant (still represented by counsel) waived his right to either a jury or court trial on the prior convictions and admitted them as true. The trial court imposed a three-year sentence.

This appeal follows.

## DISCUSSION

After review of the record, defendant's court-appointed appellate counsel filed an opening brief asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441.

Defendant was advised of his right to file a supplemental brief within 30 days raising any contentions that he wished us to consider. No response has been received to date.

We have examined the entire record and are satisfied that no arguable issues exist, and that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P. J.


We concur:


MANELLA, J.


EDMON, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4